Dawn M. **BALLOU**, Plaintiff,

v.

**UNIVERSITY OF KANSAS MEDICAL CENTER, et al., Defendants.**

**No. 93–2524–GTV.**

United States District Court,
D. Kansas.

Dec. 13, 1994.

---

Stewart M. Stein, Sonya S. Stokes, Buck, Bohm & Stein, P.C., Leawood, KS, for Dawn M. Ballou.

John C. McFadden, Kansas City, KS, for University of Kansas Medical Center and William C. Sturgeon.

David C. Wetzler, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, Lee M. Smithyman, Smithyman & Zakoura, Chtd., Overland Park, KS, for Alp Ozhan.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Before the court is Plaintiff's Motion to Compel Discovery and For Appropriate Sanctions (doc. 52). Pursuant to Fed. R.Civ.P. 37, plaintiff Dawn M. Ballou seeks an order to compel defendant University of Kansas Medical Center (KUMC) to produce a videotape and transparencies used by it in sexual-harassment seminars. KUMC opposes the motion.

Plaintiff contends that KUMC should have voluntarily disclosed the video and transparencies pursuant to Fed.R.Civ.P. 26(a). She further contends that KUMC should have produced the items in response to her several requests. She suggests that the court order production and allow her time to conduct necessary discovery after a review of the produced items.

KUMC asserts that plaintiff has not complied with the requirement of Fed.R.Civ.P. 37(a)(2)(A) that she confer or attempt to confer with it regarding the alleged lack of disclosure. It submits, furthermore, that Fed.R.Civ.P. 26 does not require production of the video. Despite that submission, it claims that it has not refused plaintiff the opportunity to view the video. It suggests, however, that plaintiff has not formally requested the video. It asserts, furthermore, that it has already produced the transparencies.

The court first addresses the assertion that plaintiff has not complied with the conference requirement of Fed.R.Civ.P. 37(a)(2)(A). The rule provides:

> If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

D.Kan. Rule 210(j) contains a similar requirement to confer. Counsel for plaintiff admits he has not "certified" that he attempted in good faith to confer with defense counsel. He suggests that the motion and its supporting memorandum and attached exhibits, however, clearly reveal a good faith effort to confer.

Neither the motion, its supporting memorandum, nor attached exhibits reveal a good faith effort to confer. They fail to describe with any particularity what steps counsel

took to resolve this discovery dispute. On March 14, 1994 plaintiff provided KUMC with a list of items that she desired to be disclosed pursuant to Fed.R.Civ.P. 26(a). (See Pl.'s Request For Disclosures From Defs. Pursuant to F.R.C.P. 26(a), attached, as Ex. E, to Mem. in Supp. of Pl.'s Mot. To Compel Discovery and For Appropriate Sanctions, doc. 53, [hereinafter Mem. in Supp.].) On September 30, 1994 plaintiff asked KUMC to produce whatever script or written materials Jayne Owens utilized in her sexual harassment seminars. Plaintiff also requested production of any tape recording or video "taken of any of the seminars." (See Letter from Stein to McFadden of 9/30/94, attached, as Ex. B, to Mem. in Supp.) KUMC informed plaintiff that the materials of Ms. Owens consists mainly of transparencies. (See Letter from McFadden to Stein of 10/18/94, attached, as Ex. C, to Mem. in Supp.) It later informed plaintiff that it would be unable to provide her with a copy of the video, due to copyright laws. (See Letter from McFadden to Stein of 10/18/94, attached, as Ex. D, to Mem. in Supp.)

The Request For Disclosures of March 14, 1994 relates in no way to the requirement to confer of Fed.R.Civ.P. 37(a)(2)(A) or D.Kan. Rule 210(j). It simply informs KUMC of the items plaintiff expected to be produced pursuant to Fed.R.Civ.P. 26(a). The letter of September 30, furthermore, simply asked KUMC to produce certain items utilized in its sexual harassment seminars. The court does not consider this letter as fulfilling the requirement to confer. The letter does not indicate that a motion to compel would be forthcoming if KUMC failed to produce the requested items. Nor does it otherwise indicate that the letter was intended to be an act of conferring in accordance with Fed.R.Civ.P. 37 or D.Kan. Rule 210(j). One letter, moreover, does not satisfy the duty to confer. See *Shell v. City of Kan. City, Kan.*, No. 91–2306–L, unpublished op. at 2 (D.Kan. Feb. 4, 1992) (holding that "the mailing of a letter by counsel requiring responses to discovery requests alone does not satisfy the requirement of D.Kan. Rule 210(j)"). Had counsel for plaintiff made a phone call, the discovery dispute may have been resolved.

■ The requirement to confer encourages parties to resolve disputes like this without the need to involve the court. The attorney for plaintiff has not adequately conferred with opposing counsel. The court will not generally waive compliance with the requirement, unless the moving party has shown a reasonable effort to resolve the dispute. Conference requirements such as those in Fed.R.Civ.P. 37(a)(2)(A) and D.Kan. Rule 210(j) "encourage[ ] the parties to resolve their dispute prior to resorting to judicial intervention." *United States v. T.H. Taylor, Inc.*, No. 88–2048–S, unpublished op. at 2 (D. Kan. Aug. 29, 1988). In this instance the court cannot find that plaintiff made a reasonable effort to resolve the dispute before bringing the motion to compel. The court overrules the motion to compel for failure of plaintiff to comply with these rules.

■ The motion, moreover, fails on its merits. On December 2, 1994, the court granted summary judgment in favor of defendants on all claims, except retaliation under Title VII. (See Order of December 2, 1994, doc. 63.) The video and transparencies here at issue might have been relevant to the dismissed sexual harassment claim of plaintiff, but they do not appear relevant to the retaliation claim. Such items, therefore, are not discoverable in this case. *See* Fed. R.Civ.P. 26(b)(1).

For the foregoing reasons, the court overrules Plaintiff's Motion to Compel Discovery and For Appropriate Sanctions (doc. 52).

IT IS SO ORDERED.